1  **KAZEROUNI LAW GROUP, APC**
   Abbas Kazerounian, Esq. (SBN: 249203)
2  ak@kazlg.com
   Mona Amini, Esq. (SBN: 296929)
3  mona@kazlg.com
   245 Fischer Avenue, Unit D1
4  Costa Mesa, California 92626
   Telephone: (800) 400-6808
5  Facsimile:  (800) 520-5523

6  *Attorneys for Plaintiff,*
   Ebrahim Hajihassani
7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11 | EBRAHIM HAJIHASSANI, individually | Case No.:
12 | and on behalf of all others similarly situated, | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**
13 |                      Plaintiff, |
14 |         vs. | 1) **THE TRUTH IN LENDING ACT, 15 U.S.C. §§ 1601, ET SEQ. ("TILA");**
15 |  | 2) **CALIFORNIA'S UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE §§ 17200, ET SEQ. ("UCL"); AND**
16 | ENCORE FLIGHT CORPORATION d/b/a ENCORE FLIGHT ACADEMY. |
17 |  | 3) **CALIFORNIA'S CONSUMERS LEGAL REMEDIES ACT, CAL. CIV. CODE §§ 1750, ET SEQ. ("CLRA")**
18 |                      Defendant. |
19 |  | **DEMAND FOR JURY TRIAL**
20

21

22 //

23 //

24 //

25 //

26 //

27 //

28 //

## INTRODUCTION

1. Plaintiff EBRAHIM HAJIHASSANI, individually and on behalf of all others similarly situated ("Plaintiff"), through Plaintiff's attorneys, brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the unlawful and deceptive business practices of Defendant ENCORE FLIGHT CORPORATION d/b/a ENCORE FLIGHT ACADEMY ("Defendant") with regard to Defendant's practice of deceptive and misleading representations and/or omissions regarding concealed financing terms in Defendant's flight training course agreements.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all alter egos, agents, principals, employees, officers, members, directors, heirs, successors, assigns, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

5. The Court has federal question jurisdiction because this case arises out of violations of federal law, including Plaintiff's claims under the Truth in Lending Act ("TILA") 15 U.S.C. § 1640(e), and 28 U.S.C. §§ 1331 and 1337. This Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events and omissions giving rise to this Complaint, and the harm to Plaintiff, occurred within this district.

## PARTIES

7. Plaintiff is a natural person currently residing within this district.[1]

8. Defendant is a California corporation with a principal place of business or headquarters located in Van Nuys, California, which is also within this district. Defendant represents itself as a "prominent flight school" and the "busiest flight school" at Van Nuys Airport.

9. At all times relevant hereto, Defendant regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, and is the person to whom the transaction which is the subject of this action is initially payable, making defendant a creditor within the meaning of TILA, 15 U.S.C. § 1602(g) and Regulation Z § 1026.2(a)(17).

## FACTUAL ALLEGATIONS

10. On or around March 31, 2021, Plaintiff enrolled in a flight training course with Defendant for personal, family, and household purposes.

11. On or about March 31, 2021, Plaintiff entered into a written agreement for Defendant's flight training course (the "Contract"), which was a consumer credit transaction within the meaning of TILA, 15 U.S.C. § 1602, and Regulation Z § 1026.2. A true and correct copy of the Contract is attached hereto as **Exhibit B** and incorporated by reference.

12. In the Contract, which included aircraft rental, books, and instruction services (the "Contract"), Defendant requested "the sum of $11,800" for the training package. Defendant's Contract then went on to impose the payment structure of (1) a "Down payment of $2,500 on March 31st 2021" and (2) "5 monthly payments of $1,906 payable on the 1st of each month starting 05/1/2021." Pursuant to the terms of the Contract, Plaintiff paid Defendant the "down payment" of $2,500 on

---

[1] Plaintiff's venue affidavit pursuant to C.C.P. § 1780(d) is attached hereto as **Exhibit A**.

or around March 31, 2021 and proceeded with flight instruction through Defendant's flight training academy.

13. After a later review of Defendant's Contract, Plaintiff discovered that it actually required that the student pay Defendant a total amount *greater than* the represented "sum of $11,800." In fact, a calculation of Defendant's payment structure of a down payment and 5 installments of $1,906 results in a total sum of $12,030.00. However, this true total sum was intentionally omitted and deceptively concealed from Plaintiff and other similarly situated students through the Contract.

14. Upon further inquiry from Plaintiff regarding the payment structure in the Contract, Defendant's explanation for the difference between the represented sum of $11,800 and the actual total sum of $12,030 was that the Contract included "in house financing." However, the Contract drafted by Defendant and given to Plaintiff lacked *any mention of financing whatsoever* or any disclosure of important and customary financing terms such as the annual percentage rate, the financing charges, the total financing cost, and the accurate total amount Plaintiff would be required to pay to Defendant as a result of the transaction.

15. Plaintiff did not receive a Truth in Lending disclosure statement with the Contract or at any time after signing the Contract or prior to beginning his flight training course with Defendant.

16. Plaintiff reasonably relied on the Contract provided by Defendant and Plaintiff's confusion and surprise with respect to Defendant's Contract and Defendant's undisclosed financing terms was a direct result of Defendant's misrepresentations, omissions, and failure to disclose to Plaintiff the financing terms included in its Contract for its flight instruction or training course.

17. Because Defendant failed to disclose this material information in the manner required by applicable statutes, Plaintiff and similarly situated persons were not adequately informed or provided meaningful disclosures as required under TILA

in conjunction with their transaction(s) with Defendant.

18. As a result of this transaction with Defendant and Defendant's Contract, Plaintiff was misled and deceived and suffered economic injury due to Defendant's representations and omissions in the Contract, which included an unconscionable financing provision and lacked transparency regarding the financing terms involved in the transaction with Defendant.

## CLASS ACTION ALLEGATIONS

19. Plaintiff brings civil class action on behalf of himself individually and on behalf of all other similarly situated persons as a class action. Plaintiff seeks to represent the following class of persons (the "Class"):

> All persons who enrolled in a flight training course with Defendant within the four (4) years prior to the filing of the Complaint in this action.

20. Defendant, its employees, and agents are excluded from the Class.

21. Plaintiff reserves the right to modify the definition of the Class (or add one or more subclasses) after further discovery.

22. Plaintiff and all Class members have been impacted and harmed by the acts of Defendant or its affiliates, subsidiaries, principals, agents, or alter egos.

23. This Class Action Complaint seeks injunctive relief and monetary damages.

24. This action may properly be brought and maintained as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b). his class action satisfies the numerosity, typicality, adequacy, commonality, predominance, and superiority requirements.

25. Upon application by Plaintiff's counsel for certification of the Class, the Court may also be requested to utilize and certify subclasses in the interests of manageability, justice, or judicial economy.

26. <u>Numerosity</u>. The number of persons within the Class is substantial, believed to amount to hundreds of persons dispersed throughout the United States. It is,

therefore, impractical to join each member of the Class as a named plaintiff. Further, the size and relatively modest value of the claims of the individual members of the Class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation.

27. <u>Typicality</u>. The claims of Plaintiff are typical of the claims of the members of the Class, and Plaintiff's interests are consistent with and not antagonistic to those of the other Class members she seeks to represent. Plaintiff and all members of the Class have been impacted by, and face continuing harm arising out of, Defendant's violations or misconduct as alleged herein.

28. <u>Adequacy</u>. As Class Representative, Plaintiff has no interests adverse to, or which conflict with, the interests of the absent members of the Class, and is able to fairly and adequately represent and protect the interests of such a Class. Plaintiff has raised viable statutory claims of the type reasonably expected to be raised by members of the Class and will vigorously pursue those claims. If necessary, Plaintiff may seek leave to amend this Class Action Complaint to add additional Class representatives or assert additional claims.

29. <u>Competency of Class Counsel</u>. Plaintiff has retained and is represented by experienced, qualified, and competent counsel committed to prosecuting this action. Plaintiff's counsel is experienced in handling complex class action claims.

30. <u>Commonality and Predominance</u>. There are well-defined common questions of fact and law that exist as to all members of the Class defined above and predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from Class member to Class member and may be determined without reference to the individual circumstances of any Class member, include (but are not limited to) the following:
   a. Whether Defendant or its affiliates, subsidiaries, principals, agents, or alter egos have violated the statutes referenced herein;

b. Whether Defendant or its affiliates, subsidiaries, principals, agents, or alter egos are liable to Plaintiff and the Class members for damages;

c. Whether Defendant or its affiliates, subsidiaries, principals, agents, or alter egos of Defendant should be enjoined from engaging in such conduct in the future.

31. <u>Superiority</u>.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable.  Even if every member of the Class could afford to pursue individual litigation, the Court system could not.  Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system by causing multiple trials of the same factual issues.  By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and the court system and protects the rights of each member of the Class.  Plaintiff anticipates no difficulty in the management of this action as a class action.  Class wide relief is essential to compel compliance with the statutes alleged herein.  The interest of Class members in individually controlling the prosecution of separate claims is small because the damages in an individual action for violation of the statutes alleged herein are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class actions. The Class members can be readily located and notified of this class action through Defendant's records.

32. Additionally, the prosecution of separate actions by individual Class members would create a risk of multiple adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members of the Class who are not parties to such adjudications, thereby substantially impairing or impeding the ability of such nonparty Class members to protect their interests.  The

prosecution of individual actions by Class members could further establish inconsistent results and/or establish incompatible standards of conduct for Defendant.

33. Defendant or any affiliates, subsidiaries, principals, agents, or alter egos of Defendant have acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate.

34. Moreover, on information and belief, Plaintiff alleges that the violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## FIRST CAUSE OF ACTION

### Violation of the Truth in Lending Act (TILA)

### 15 U.S.C. §§ 1601, et seq.

35. Plaintiff incorporates by reference the allegations above as if fully stated herein.

36. The Truth-in-Lending Act ("TILA") protects consumers against inaccurate and unfair billing and credit card practices, requiring lenders to provide consumers with loan cost information. 15 U.S.C. § 1601, *et seq.* The TILA was passed primarily to aid the unsophisticated, inexperienced or uninformed consumer so that he/she would not be deceived and misinformed, and so he/she can understand the true costs he/she will have to pay. *Thomka v. Chevrolet, Inc.*, 619 F.2d 246 (3rd Cir. 1980). The purpose of TILA is to prevent ordinary consumers from being deceived about how much interest they are being charged, and "should be liberally construed to protect borrowers." *In re Ramsey,* 176 B.R. 5 183, 188 (9th Cir. BAP 1994). The TILA seeks "to assure meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various terms available to him and avoid the uninformed use of credit." 15 U.S.C. § 1601. Enforcement is achieved in part **by a system of strict liability in favor of consumers** who have secured financing when the proper disclosures are not made. 15 U.S.C. § 1640(a).

Indeed, creditors are liable even for unintentional or technical violations of TILA. *Jackson v. Grant*, 890 F.2d 118, 120 (9th Cir. 1989).

37. TILA requires a series of disclosures that must be made before the consummation of the credit agreement. *See Ortiz v. Rental Management, Inc*, 65 F.3d 335, 338 (3rd Cir. 1995). In the event a creditor fails to disclose any of the credit terms required under the TILA and its regulations in a credit sale, a consumer may bring a civil action against the creditor. 15 U.S.C. § 1640; *Purple v. Eldrgie Auto Sales, Inc.*, 91 F.3d 797, 800 (6th Cir. 1996). As a "creditor" under § 1602(g) who engaged in a consumer credit transaction and made a "credit sale" to students like Plaintiff and the Class members, Defendant was required to make a series of standard disclosures conspicuously and prominently prior to the parties' execution of the Contract for its flight training course.

38. By failing to disclose the true cost of the transaction and charging Plaintiff and the Class members a hidden financing charge, Defendant has, and continues to, mislead Plaintiff and similarly situated consumers and is in clear violation of the TILA as well as the other consumer protection statutes as alleged herein.

39. Defendant's foregoing acts and omissions in conjunction with the transaction and the Contract given to Plaintiff violated the requirements of Truth in Lending and Regulation Z in the following and other respects:

   a. By failing to provide the required disclosures prior to consummation of the transaction in violation of 15 U.S.C. § 1638(b) and Regulation Z § 1026.17(b);

   b. By failing to make the required disclosures, including the annual percentage rate and finance charge, clearly and conspicuously in writing in violation of 15 U.S.C. § 1632(a) and Regulation Z § 1026.17(a);

   c. By failing to include in the finance charge certain charges imposed by Defendant payable by Plaintiff incident to the extension of credit as required by 15 U.S.C. § 1605 and Regulation Z § 1026.4; and thus

improperly disclosing the finance charge in the Contract and the transaction in violation of 15 U.S.C. § 1638(a)(3) and Regulation Z § 1026.18(d)

40. By reason of the aforesaid conduct violations of TILA and Regulation Z, Defendant is liable to Plaintiff and each of the Class members in the amount of twice the finance charge or $2,000, whichever is less, plus actual damages to be established at trial, and attorney fees and costs in accordance with 15 U.S.C. § 1640.

## SECOND CAUSE OF ACTION

### Violation of the California Unfair Competition Law
### Cal. Bus. & Prof. Code §§ 17200, et seq.

41. Plaintiff incorporates by reference the allegations above as if fully stated herein.

42. The UCL prohibits any "unlawful," "fraudulent" or "unfair" business act or practice and any false or misleading advertising, as those terms are defined by the UCL and relevant case law. By virtue of the above-described wrongful actions, inaction, misrepresentations, and omissions, Defendant engaged in unlawful, unfair and fraudulent practices within the meaning, and in violation of, the UCL.

43. In the course of conducting its business, Defendant committed "unlawful" business practices by, *inter alia*, failing to provide the required credit and financing disclosures prior to consummation of the transaction in violation of TILA as alleged above, and other consumer statutes as further alleged herein. Plaintiff and Class members reserve the right to allege other violations of law by Defendant constituting other unlawful business acts or practices.

44. Defendant's above-described wrongful actions, inaction, omissions, want of ordinary care, misrepresentations, practices, and non-disclosures also constitute "unfair" business acts and practices in violation of the UCL in that Defendant's wrongful conduct is substantially injurious to consumers, offends legislatively-declared public policy, and is immoral, unethical, oppressive, and unscrupulous

Defendant's practices are also contrary to legislatively declared and public policies that seek to protect consumers from the uninformed use of credit or deceived regarding financing terms involved in a transaction. The gravity of Defendant's wrongful conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests other than engaging in the above-described wrongful conduct.

45. The UCL also prohibits any "fraudulent business act or practice." Defendant's above-described claims, nondisclosures, misleading statements, misrepresentations, and omissions were deceptive, false, misleading and likely to deceive the consuming public in violation of the UCL.

46. As a direct and proximate result of Defendant's above-described wrongful actions, inaction, omissions, and their violations of the UCL, Plaintiff and Class members have suffered injury in fact and lost money or property as a result of Defendant's unfair and deceptive conduct.

47. Plaintiff and Class members have also suffered (and will continue to suffer) economic damages and other injury and actual harm in the form of, *inter alia*, continuing to be contractually bound to pay Defendant amounts of money which includes financing charges and interest which were not properly disclosed by Defendant to Plaintiff and the Class.

48. Unless restrained and enjoined, Defendant will continue to engage in the above-described wrongful conduct, causing harm to Plaintiff and the Class and the general public.

49. Plaintiff, therefore, on behalf of himself, Class members, and the general public, also seek restitution and an injunction, including public injunctive relief prohibiting Defendant from continuing such wrongful conduct, and requiring Defendant to modify its agreements for flight instruction or training courses to include the disclosures required by TILA and other applicable law, including the

annual percentage rate finance charge, clearly and conspicuously in writing prior to consummation of Defendant's transactions with consumers.

### THIRD CAUSE OF ACTION

### Violation of the Consumers Legal Remedies Act (CLRA)

### Cal. Civ. Code §§ 1750, et seq.

50. Plaintiff incorporates by reference the allegations above as if fully stated herein.

51. Plaintiff and the members of the Class are "consumers" within the meaning of Cal. Civil Code § 1761(d) in that Plaintiff and the Class sought or acquired Defendant's goods and/or services for personal, family, or household purposes.

52. Defendant's flight instruction or training courses are "goods" and/or "services" within the meaning of Cal. Civil Code § 1761(a) and (b). The payment for and enrollment in these courses by Plaintiff and the Class are "transactions" within the meaning of Cal. Civil Code § 1761(e).

53. The acts and practices of Defendant as described above were intended to deceive Plaintiff and the Class as described herein, and have resulted, and will result, in damages to Plaintiff and the Class. These actions violated, and continue to violate, the CLRA in at least the following respects: (a) Defendant's acts and practices constitute representations or omissions in violation of Cal. Civil Code § 1770(a)(14) by representing that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law (i.e.: The Truth in Lending Act) and § 1770(a)(19) by inserting an unconscionable financing provision in its flight instruction course agreements, like the Contract with Plaintiff.

54. Plaintiff and the Class suffered economic injury as a direct result of Defendant's misrepresentations and/or omissions because they were induced to enroll in and pay for flight instruction courses with Defendant and pay undisclosed financing charges.

55. In compliance with the provisions of California Civil Code § 1782, Plaintiff sent

written notice to Defendant via Certified Mail on June 17, 2021, and on June 25, 2021, and again via FedEx on July 28, 2021 (the "CLRA Letter"), informing Defendant of Plaintiff's claims and intention to seek damages under California Civil Code § 1750, among other consumer protection statutes. The CLRA Letter advised Defendant that it was in violation of the CLRA and demanded, *inter alia*, that Defendant cease and desist from such violations and make full restitution by rescinding the Contract and refunding the monies received therefrom plus twice the amount of undisclosed financing charges. The CLRA Letter expressly stated that it was notice and demand for corrective action sent on behalf of Plaintiff and "all other persons similarly situated." A true and correct copy of the letter dated July 28, 2021, is attached hereto as **Exhibit C**.

56. Defendant received Plaintiff's CLRA Letter, but Defendant has failed to respond or comply with Plaintiff's request on behalf of himself and all others similarly situated. Accordingly, through this action, Plaintiff seeks all available monetary and equitable relief provided under the CLRA.

57. Plaintiff, on behalf of himself and the Class, seeks damages, an order enjoining you for such methods, acts or practices, restitution, punitive damages, attorneys' fees and costs, and any other relief the Court may deem proper, for Defendant's acts, omissions, and practices in violation of the CLRA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment in favor of himself and the Class as follows:

- An Order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the law firm representing Plaintiff as counsel for the Class;

- An Order declaring Defendant's conduct, as alleged above, was in violation of the statutes referenced herein;
- An Order finding in favor of Plaintiff and the Class on all counts asserted herein;
- An award of statutory, actual, compensatory, and/or punitive damages for Plaintiff and the Class, pursuant to the statutes referenced herein, in amounts to be determined by the Court and/or jury;
- An Order of rescission of the flight instruction or training course agreements violating the statutes referenced herein and providing restitution, including return of all monies taken by Defendant from Plaintiff and the Class;
- Injunctive relief prohibiting such conduct and violations by Defendant in the future;
- An Order awarding attorneys' fees and costs to counsel for Plaintiff and the Class pursuant to, *inter alia,* 15 U.S.C. § 1640, Cal. Civ. Code § 1780(d), and California Code of Civil Procedure § 1021.5;
- Pre-judgment and Post-judgment interest; and
- Any other relief the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and the Class, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all claims so triable.

Dated: September 27, 2021

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: s/ Abbas Kazerounian
ABBAS KAZEROUNIAN, ESQ.
MONA AMINI, ESQ.
*Attorneys for Plaintiff*