# EXHIBIT C



245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone:  (800) 400-6808
Facsimile:  (800) 520-5523
www.kazlg.com

July 28, 2021

**<u>SENT VIA FEDEX</u>**
ALEX ABBASSI
ENCORE FLIGHT CORPORATION
7900 BALBOA BLVD., D3
VAN NUYS, CA 91406

>   *Re:   <u>EBRAHIM HAJIHASSANI v. ENCORE FLIGHT CORPORATION</u>*
>   *Notice and Demand Letter Pursuant to Cal. Civ. Code § 1782*

To Whom It May Concern:

This letter serves as notice and demand for corrective action by Ebrahim Hajihassani ("Mr. Hajihassani") pursuant to the Consumers Legal Remedies Act, California Civil Code § 1782 ("CLRA"). This letter is sent on behalf of our client, Mr. Hajihassani,[1] a student of Encore Flight Corporation ("Encore Flight" or "You"), who enrolled in and paid for You to provide aircraft rental, books, and instruction services (collectively the "training package") "under Federal Aviation Regulation CFR Part 61" in the State of California, and all other persons similarly situated. We hereby demand that You take immediate corrective action within thirty (30) days as further described below.

### I.   <u>Factual Background</u>

On or around March 31, 2021, Mr. Hajihassani enrolled in the training package with Encore Flight.  In the contract for aircraft rental, books, and instruction services (the "Contract"), You requested "the sum of $11,800" for the training package.  Encore Flight's Contract then went on to unilaterally impose the payment structure of (1) a "Down payment of $2,500 on March 31st 2021" and (2) "5 monthly payments of $1,906 payable on the 1st of each month starting 05/1/2021."  Pursuant to the terms of the Contract, Mr. Hajihassani paid Encore Flight the "down payment" of $2,500 on March 31, 2021 and proceeded with instruction with instructor Soleimani.

However, upon a later review of your Contract, Mr. Hajihassani discovered that Encore Flight actually requests that the student pay Encore Flight a total amount *greater than* the represented "sum of $11,800." In fact, a calculation of Encore Flight's payment structure results in a total sum of $12,030.00.[2]  However, this true total sum is intentionally omitted and deceptively concealed from Mr. Hajihassani (and other similarly situated students) in the Contract.  Upon further inquiry by our client, Mr. Hajihassani was told by You that Encore Flight's explanation

---

[1] This firm represents Mr. Hajihassani. Please refrain from contacting Mr. Hajihassani directly. Please direct any and all communications to this office.
[2] $2,500 + ($1,906 x 5) = $12,030.

for this difference between the represented sum of $11,800 and the actual total sum of $12,030 is "in house financing." However, the Encore Flight Contract given to Mr. Hajihassani lacks *any mention of financing whatsoever* or any disclosure of important financing terms such as the annual percentage rate, the financing charges, and the total financing cost.  As a result, Mr. Hajihassani was misled and deceived by Encore Flight's representations and omissions in the Contract and suffered damages as a result.

## II.  Violations of Consumer Protection Statutes, Including the CLRA, UCL, and TILA

Encore Flight's Contract and above-described representations and/or omissions to Mr. Hajihassani and other similar students in California are false and misleading and constitute unlawful, unfair, or fraudulent acts, or practices and unfair methods of competition in violation of the CLRA, including but not limited to Cal. Civ. Code §§ 1770(a)(14) and (19) and California's Unfair Competition Law, California Business & Professions Code §§ 17200, *et seq.* In addition, the Contract and representations or omissions therein also violate, *inter alia*, the federal Truth-in-Lending Act and the Federal Reserve Board's Truth in Lending Regulations (Regulation Z), 12 C.F.R. §§ 226, *et seq.*

The Truth-in-Lending Act ("TILA") protects consumers against inaccurate and unfair billing and credit card practices, requiring lenders to provide consumers with loan cost information. 15 U.S.C. § 1601, *et seq.* The TILA was passed primarily to aid the unsophisticated, inexperienced or uninformed consumer so that he/she would not be easily be deceived and misinformed, and so he can understand the true costs he will have to pay. *Thomka v. Chevrolet, Inc.*, 619 F.2d 246 (3rd Cir. 1980). The purpose of TILA is to prevent ordinary consumers from being deceived about how much interest they are being charged, and "should be liberally construed to protect borrowers." *In re Ramsey*, 176 B.R. 5 183, 188 (9th Cir. BAP 1994). The TILA seeks "to assure meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various terms available to him and avoid the uninformed use of credit." 15 U.S.C. § 1601. Enforcement is achieved in part **by a system of strict liability in favor of consumers** who have secured financing when the proper disclosures are not made. 15 U.S.C. § 1640(a). Indeed, creditors are liable even for unintentional or technical violations of TILA. *Jackson v. Grant*, 890 F.2d 118, 120 (9th Cir. 1989).

TILA requires a series of disclosures that must be made before the consummation of the credit agreement. *See Ortiz v. Rental Management, Inc*, 65 F.3d 335, 338 (3rd Cir. 1995). In the event that a creditor fails to disclose any of the credit terms required under the TILA and its regulations in a credit sale, a consumer may bring a civil action against the creditor. 15 U.S.C. § 1640; *Purple v. Eldrgie Auto Sales, Inc.*, 91 F.3d 797, 800 (6th Cir. 1996).  Here, as a "creditor" under § 1602(g) who engaged in a consumer credit transaction and made a "credit sale" to students like Mr. Hajihassani in its Contract for a training package, Encore Flight was required to make a series of standard disclosures conspicuously and prominently prior to the parties' execution of the Contract.  In short, by failing to disclose the true cost of the transaction and charging Mr. Hajihassani a hidden financing charge, Encore Flight has, and continues to, mislead Mr. Hajihassani and similarly situated consumers and is in clear violation of the TILA as well as the other consumer protection statutes discussed above.

As a result of Encore Flight's failures to comply with TILA requirements alone, You are liable under 15 U.S.C. § 1640 for actual damages, twice the amount of the financing charge in connection with the transaction, and Mr. Hajihassani shall have the right to rescission of the Contract, plus attorney's fees and costs incurred to enforce the foregoing liability against You. In addition, given that You have likely used the same form contract with all other students like Mr. Hajihassani over the past several years, we believe the potential class that Mr. Hajihassani could represent in a class action would consist of hundreds of people. Given the estimated class size, we project Encore Flight's liability and exposure in such a class action would be significant.

## III.    <u>Opportunity for Pre-Filing Resolution</u>

We hereby demand on behalf of Mr. Hajihassani and all others similarly situated in California that Encore Flight immediately:

> (1) cease and desist from the continued use of the Contract in the format provided to Mr. Hajihassani;
> (2) rescind the Contract with Mr. Hajihassani and return to all monies and twice the amount of financing charges paid to Encore Flight;
> (2) initiate a corrective advertising campaign to inform consumers about the Contract's financing terms, annual percentage rate, and financing charge; and
> (3) pay reasonable attorneys' fees and costs.

We request that You comply with this demand within thirty (30) days from receipt of this letter. Please be advised that your failure to comply with this request within thirty (30) days may subject you to the following additional remedies under the CLRA, including:

> (1) The actual damages suffered;
> (2) An order enjoining you for such methods, acts or practices;
> (3) For restitution of property if applicable;
> (4) Punitive damages;
> (5) Court costs and reasonable attorneys' fees; and
> (6) Any other relief that the court deems proper.

This letter also serves as notice to Encore Flight of its duty to preserve and retain all documents, tangible items, and electronically stored information that are potentially relevant to this matter.

If Encore Flight wishes to enter into discussions to resolve the demands asserted in this letter, we invite You respond to this letter to propose a resolution within the thirty (30) day period following the date of this letter.   Your anticipated cooperation and immediate attention to this matter is appreciated.

Sincerely,

*s/ Mona Amini*

Mona Amini, Esq.
KAZEROUNI LAW GROUP, APC